1   LAWRENCE G. BROWN
   United States Attorney
2   MATTHEW STEGMAN
   MICHAEL D. ANDERSON
3   Assistant U.S. Attorneys
   501 I Street, Suite 10-100
4   Sacramento, California 95814
   Telephone: (916) 554-2700
5

**FILED**

OCT 29 2009

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
          DEPUTY CLERK



6

7

8           IN THE UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,  ) CASE NO. CR. S-07-047 LKK
                      )
12             Plaintiff,  ) MOTION FOR ORDER PURSUANT TO 18
                      ) U.S.C. §§ 6002-6003 GRANTING
13    v.              ) IMMUNITY AND REQUIRING TESTIMONY
                      )
14                       )
   AUDREY RENEE BELL,     ) DATE: October 27, 2009
15                       ) TIME: 10:30 a.m.
             Defendant.  ) CTRM: Hon. Lawrence K. Karlton
16 _____)

17       The United States of America hereby moves this

18 Honorable Court for an order compelling Mark Allen Watts to

19 testify and produce evidence pursuant to the provisions of Title

20 18, United States Code, Section 6001, et. seq., and respectfully

21 represents as follows:

22       1.  Mark Allen Watts has been subpoenaed to testify as

23 a witness before the court beginning October 27, 2009 within this

24 District;

25       2.  The United States Attorney's Office has learned

26 that Mark Allen Watts would refuse to answer any questions before

27 the Court, invoking his constitutional privilege against self-

28 incrimination;

1    3.   In the judgment of Lawrence G. Brown, United States
2    Attorney, the testimony of Mark Allen Watts is necessary to the
3    public interest;

4    4.   Jason M. Weinstein, a Deputy Assistant Attorney
5    General, has approved this application for an order instructing
6    Mark Allen Watts to testify pursuant to 18 U.S.C. § 6003(b) and
7    28 C.F.R. § 0.175(a).

8    WHEREFORE, pursuant to the provisions of 18 U.S.C §§
9    6002-6003 the United States of America requests that the Court
10   order Mark Allen Watts to give testimony and produce all evidence
11   relating to all matters within his knowledge about which he may
12   be interrogated before said Court.

13   In support of this motion, the United States of America
14   submits herewith the attached Memorandum of Points and
15   Authorities and the Declaration of Assistant U.S. Attorneys
16   Matthew Stegman and Michael D. Anderson.

17

18                        **I. Points and Authorities**

19   The immunity provisions of Title 18, United States Code,
20   Section 6002, et seq., provide in pertinent part as follows:
21   Section 6002

22
23                  Whenever a witness refuses, on the basis
                of his privilege against self-incrimination,
                to testify or provide other information in a
24              proceeding before or ancillary to -
                     (1)  a court or grand jury of the United
25              States...,
                and the person presiding over the proceeding
26              communicates to the witness an order issued
                under this title, the witness may not refuse
27              to comply with the order on the basis of his
                privilege against self-incrimination; but no
28              testimony or other information compelled

                                   2

under the order (or any information directly or indirectly derived from such testimony or other information) may be used against the witness in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order.

Section 6003

(a) In the case of any individual who has been or may be called to testify or provide other information at any proceeding before or ancillary to a court of the United States or a grand jury of the United States, the United States district court for the judicial district in which the proceeding is or may be held shall issue, in accordance with subsection (b) of this section, upon the request of the United States attorney for such district, an order requiring such individual to give testimony or provide other information which he refuses to give or provide on the basis of his privilege against self-incrimination, such order to become effective as provided in section 6002 of this part.

(b) A United States attorney may, with the approval of the Attorney General, the Deputy Attorney General, the Associate Attorney General, or any designated Assistant Attorney General or Deputy Assistant Attorney General, request an order under subsection (a) of this section when in his judgment
(1)   the testimony or other information from such individual may be necessary to the public interest; and
(2)   such individual has refused or is likely to refuse to testify or provide other information on the basis of his privilege against self-incrimination.

The aforesaid statute is valid and constitutional, and orders issued pursuant thereto are likewise valid.  United States v. Kastigar, 406 U.S. 441 (1972).


**II.   Declaration of Assistant U.S. Attorney Matthew Stegman**

I, Matthew Stegman, declare as follows:

3

1        1.   I am an Assistant United States Attorney for the
2  Eastern District of California.

3        2.   I have advised United States Attorney Lawrence G.
4  Brown that Mark Allen Watts will be called to testify before this
5  Court.   The subpoena calls for Mark Allen Watts' appearance for a
6  trial beginning October 27, 2009.   I have further advised Mr.
7  Brown that Mark Allen Watts will be questioned regarding his
8  dealings with Audrey Bell.

9        3.   I have presented the facts of the trial proceedings
10  to Mr. Brown, and in his judgment Mark Allen Watts would refuse
11  to testify before the Grand Jury, and his testimony is necessary
12  to the public interest.

13        4.   An authorized Deputy Assistant Attorney General of
14  the United States has approved the Application for an Order
15  instructing witness Mark Allen Watts to testify and produce
16  evidence under the provisions of 18 U.S.C. §6003 and 28 C.F.R.
17  §0.175(a).   A copy of the letter from Jason M. Weinstein, Deputy
18  Assistant Attorney General, Criminal Division, Department of
19  Justice, expressing said approval is attached hereto as Exhibit
20  "A."

21        I declare under penalty of perjury that the foregoing
22  is true and correct.

23

24                        **III.  Proposed Order**

25        On motion of Lawrence Brown, the United States Attorney for
26  the Eastern District of California, by and through Matthew
27  Stegman, Assistant United States Attorney, and Michael D.
28  Anderson, Assistant United States Attorney, and it appearing to

                                4

1  the satisfaction of the Court for the Eastern District of
2  California:

3        1.   That Mark Allen Watts has been subpoenaed as a
4  witness to testify before this Court beginning October 27, 2009;
5  and

6        2.   That in the judgment of said United States
7  Attorney, said Mark Allen Watts is likely to refuse to testify or
8  provide other information on the basis of his privilege against
9  self-incrimination; and

10       3.   That in the judgment of the said United States
11 Attorney, the testimony or other information from said Mark Allen
12 Watts may be necessary to the public interest; and

13       4.   That the aforesaid motion filed herein has been
14 made with the approval of an authorized Deputy Assistant Attorney
15 General of the Criminal Division of the Department of Justice,
16 pursuant to the authority vested in him by 18 U.S.C. §6003, and
17 28 C.F.R. §0.175(a).

18       NOW, THEREFORE, IT IS ORDERED pursuant to 18 U.S.C.
19 §6002 that Mark Allen Watts give testimony or provide other
20 information which he refuses to give or to provide on the basis
21 of his privilege against self-incrimination as to all matters
22 about which he may be interrogated in the course of this
23 proceeding.

24       IT IS FURTHER ORDERED that no testimony or other
25 information compelled under this order, or any information
26 directly or indirectly derived from such testimony or other
27 information, shall be used against Mark Allen Watts in any
28 criminal case, except that Mark Allen Watts shall not be exempted

5

1  by this order from prosecution for perjury, giving a false

2  statement pursuant to this order, or otherwise failing to comply

3  with this order, and that immunity granted herein is co-extensive

4  with 18 U.S.C § 6002.

5          IT IS FURTHER ORDERED that a copy of this Order and the

6  accompanying supporting materials shall be provided to Mark Allen

7  Watts and his attorney for their use, and that this order is

8  effective as of October 29 , 2009.

9

10

11  DATED: October 29 , 2009

12

13

14                              United States District Judge

15

16

17

18

19  DATED: OCTOBER 26, 2009

20                              Respectfully submitted,

21                              LAWRENCE G. BROWN
                                United States Attorney
22

23

24  By
                                MATTHEW STEGMAN
                                Assistant U.S. Attorney
25

26  By

27                              MICHAEL D. ANDERSON
                                Assistant U.S. Attorney
28