```
 1  LAWRENCE G. BROWN
    United States Attorney
 2  MATTHEW STEGMAN
    MICHAEL D. ANDERSON
 3  Assistant U.S. Attorneys
    501 I Street, Suite 10-100
 4  Sacramento, California 95814
    Telephone: (916) 554-2700
 5
```




FILED

OCT 29 2009

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR. S-07-047 LKK |
| Plaintiff, | MOTION FOR ORDER PURSUANT TO 18 U.S.C. §§ 6002-6003 GRANTING IMMUNITY AND REQUIRING TESTIMONY |
| v. | |
| AUDREY RENEE BELL, | DATE: October 27, 2009 |
| Defendant. | TIME: 10:30 a.m. |
| | CTRM: Hon. Lawrence K. Karlton |

   The United States of America hereby moves this Honorable Court for an order compelling Leiliani Lopez to testify and produce evidence pursuant to the provisions of Title 18, United States Code, Section 6001, et. seq., and respectfully represents as follows:

   1. Leiliani Lopez has been subpoenaed to testify as a witness before the court beginning on October 27, 2009 within this District;

   2. The United States Attorney's Office has learned that Leiliani Lopez would refuse to answer any questions before the Court, invoking her constitutional privilege against self-incrimination;

3. In the judgment of Lawrence G. Brown, United States Attorney, the testimony of Leiliani Lopez is necessary to the public interest;

4. Jason M. Weinstein, a Deputy Assistant Attorney General, has approved this application for an order instructing Angela Quarles-King to testify pursuant to 18 U.S.C. § 6003(b) and 28 C.F.R. § 0.175(a).

WHEREFORE, pursuant to the provisions of 18 U.S.C §§ 6002-6003 the United States of America requests that the Court order Leiliani Lopez to give testimony and produce all evidence relating to all matters within her knowledge about which she may be interrogated before said Court.

In support of this motion, the United States of America submits herewith the attached Memorandum of Points and Authorities and the Declaration of Assistant U.S. Attorneys Matthew Stegman and Michael D. Anderson.

## I. Points and Authorities

The immunity provisions of Title 18, United States Code, Section 6002, et seq., provide in pertinent part as follows:

Section 6002

> Whenever a witness refuses, on the basis of his privilege against self-incrimination, to testify or provide other information in a proceeding before or ancillary to -
> (1) a court or grand jury of the United States...,
> and the person presiding over the proceeding communicates to the witness an order issued under this title, the witness may not refuse to comply with the order on the basis of his privilege against self-incrimination; but no testimony or other information compelled

2

under the order (or any information directly or indirectly derived from such testimony or other information) may be used against the witness in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order.

Section 6003

(a) In the case of any individual who has been or may be called to testify or provide other information at any proceeding before or ancillary to a court of the United States or a grand jury of the United States, the United States district court for the judicial district in which the proceeding is or may be held shall issue, in accordance with subsection (b) of this section, upon the request of the United States attorney for such district, an order requiring such individual to give testimony or provide other information which he refuses to give or provide on the basis of his privilege against self-incrimination, such order to become effective as provided in section 6002 of this part.

(b) A United States attorney may, with the approval of the Attorney General, the Deputy Attorney General, the Associate Attorney General, or any designated Assistant Attorney General or Deputy Assistant Attorney General, request an order under subsection (a) of this section when in his judgment
(1) the testimony or other information from such individual may be necessary to the public interest; and
(2) such individual has refused or is likely to refuse to testify or provide other information on the basis of his privilege against self-incrimination.

The aforesaid statute is valid and constitutional, and orders issued pursuant thereto are likewise valid. United States v. Kastigar, 406 U.S. 441 (1972).

## II. DECLARATION OF ASSISTANT U.S. ATTORNEY MATTHEW STEGMAN

I, Matthew Stegman, declare as follows:

3

1.  I am an Assistant United States Attorney for the Eastern District of California.

2.  I have advised United States Attorney Lawrence G. Brown that Leiliani Lopez will be called to testify before this Court. The subpoena calls for Leiliani Lopez's appearance for a trial beginning October 27, 2009. I have further advised Mr. Brown that Leiliani Lopez will be questioned regarding her dealings with Audrey Bell.

3.  I have presented the facts of the trial proceedings to Mr. Brown, and in his judgment Leiliani Lopez would refuse to testify before the Grand Jury, and her testimony is necessary to the public interest.

4.  An authorized Deputy Assistant Attorney General of the United States has approved the Application for an Order instructing witness Leiliani Lopez to testify and produce evidence under the provisions of 18 U.S.C. §6003 and 28 C.F.R. §0.175(a). A copy of the letter from Jason M. Weinstein, Deputy Assistant Attorney General, Criminal Division, Department of Justice, expressing said approval is attached hereto as Exhibit "A."

I declare under penalty of perjury that the foregoing is true and correct.

### III.  Proposed Order

On motion of Lawrence Brown, the United States Attorney for the Eastern District of California, by and through Matthew Stegman, Assistant United States Attorney, and Michael D. Anderson, Assistant United States Attorney, and it appearing to

4

the satisfaction of the Court for the Eastern District of California:

    1. That Leiliani Lopez has been subpoenaed as a witness to testify before this Court beginning October 27, 2009; and

    2. That in the judgment of said United States Attorney, said Leiliani Lopez is likely to refuse to testify or provide other information on the basis of her privilege against self-incrimination; and

    3. That in the judgment of the said United States Attorney, the testimony or other information from said Leiliani Lopez may be necessary to the public interest; and

    4. That the aforesaid motion filed herein has been made with the approval of an authorized Deputy Assistant Attorney General of the Criminal Division of the Department of Justice, pursuant to the authority vested in him by 18 U.S.C. §6003, and 28 C.F.R. §0.175(a).

    NOW, THEREFORE, IT IS ORDERED pursuant to 18 U.S.C. §6002 that Leiliani Lopez give testimony or provide other information which she refuses to give or to provide on the basis of her privilege against self-incrimination as to all matters about which she may be interrogated in the course of this proceeding.

    IT IS FURTHER ORDERED that no testimony or other information compelled under this order, or any information directly or indirectly derived from such testimony or other information, shall be used against Leiliani Lopez in any criminal case, except that Leiliani Lopez shall not be exempted by this

order from prosecution for perjury, giving a false statement pursuant to this order, or otherwise failing to comply with this order, and that immunity granted herein is co-extensive with 18 U.S.C § 6002.

      IT IS FURTHER ORDERED that a copy of this Order and the accompanying supporting materials shall be provided to Evy Leiliani Lopez and her attorney for their use, and that this order is effective as of October 29, 2009.

DATED: October 29, 2009

                                    _____
                                    United States District Judge

DATED: OCTOBER 26, 2009

                                    Respectfully submitted,

                                    LAWRENCE G. BROWN
                                    United States Attorney

                                    By _____
                                    MATTHEW STEGMAN
                                    Assistant U.S. Attorney

                                    By _____
                                    MICHAEL D. ANDERSON
                                    Assistant U.S. Attorney